**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALBERT HERNANDEZ,
ADC #65214                                                                                              PLAINTIFF

v.                           CASE NO. 5:11-CV-00075-JMM-JJV

D. GOLDEN, Deputy Warden, Diagnostic Unit,
Arkansas Department of Correction; and
ARKANSAS DEPARTMENT OF CORRECTION                                      DEFENDANTS

**ORDER**

Plaintiff, Albert Hernandez, an inmate in the Diagnostic Unit of the Arkansas Department of Correction (ADC), has filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, and an Application to Proceed Without Prepayment of Fees and Affidavit (Application). (Doc. No. 1). Although Plaintiff makes the showing required by 28 U.S.C. § 1915(a), his Application must be DENIED.

The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Section 1915(g) specifically provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (West 2010).

Plaintiff has filed a total of twenty-eight (28) lawsuits[1] in the Eastern District of Arkansas; of those, at least four have been dismissed for failure to state a claim upon which relief may be

---

[1] This includes one lawsuit which Plaintiff filed using the name "Albert Casiano." *See Casiano v. Slayden*, 5:93cv00747.

granted and each has counted as a strike for purposes of 28 U.S.C. § 1915(g).[2]  Furthermore, Plaintiff's status as a three-striker has served as the basis for the dismissal of at least four of his previous lawsuits.[3]

Plaintiff may still proceed *in forma pauperis* if he is under imminent danger of serious physical injury.  The United States Court of Appeals for the Eighth Circuit has explained that this exception applies only if a threat of imminent danger exists at the time of the filing of the complaint.  *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.  *Martin*, 319 F.3d at 1050.

In his Complaint, Plaintiff asserts that the Defendants have failed to protect him from being assaulted by a fellow inmate.  Plaintiff specifically states that on March 14, 2011, he was assaulted by the inmate in the next cell when the inmate threw his tray and spoon at Plaintiff.  Prior to this incident, Plaintiff had filed a grievance stating that the inmate had threatened him.  Following this incident, Plaintiff filed a grievance and the inmate was given a major disciplinary.  Thereafter, the inmate again threatened Plaintiff.  This resulted in Plaintiff filing a third grievance.  Sometime on or about March 23, 2011, Plaintiff was removed from his cell during a shake down and placed in front of the inmate's cell.  While Plaintiff was standing in front of the inmate's cell the inmate spat

---

[2]*See Hernandez v. Arkansas Dep't of Corr.*, 2:05cv00162JMM; *Casiano v. Slayden*, 5:93cv00747BRW; *Hernandez v. Norris*, 5:95cv00133SMR; *Hernandez v. Boyd*, 5:95cv00572SWW.

[3]*See Hernandez v. Arkansas Dep't of Corr.*, 2:06cv00221GH; *Hernandez v. Minor*, 5:10cv00100JLH; *Hernandez v. Corr. Med. Servs.*, 5:10cv241BSM; *Hernandez v. Corr. Med. Servs.*, 5:10cv00340JLH.

on Plaintiff twice. Plaintiff writes that as of March 25, 2011, when he filed the present Complaint, the inmate is still housed in the cell next to Plaintiff and continues to make threats.

Although the incidents described by Plaintiff in his Complaint evidence a pattern of misconduct by Plaintiff's tormentor, the incidents do not evidence a likelihood of an imminent serious injury. *See Martin*, 319 F.3d at 1050. The Court, therefore, finds that Plaintiff is not entitled to invoke imminent danger exception to the three strikes rule.

IT IS, THEREFORE, ORDERED THAT:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 27) is DENIED.

2. Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g).

3. If Plaintiff wishes to continue this case, he must submit within thirty (30) days of the entry of this Order: (a) the statutory filing fee of $350, in full, to the Clerk, noting the case style and number; and (b) file a motion to reopen the case.

4. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

DATED this 6th day of April, 2011.

                                              _____
                                              JAMES M. MOODY
                                              UNITED STATES DISTRICT JUDGE